### UNITED STATES v. FENWICK.
No. 9895.

United States Court of Appeals
Seventh Circuit.
Nov. 4, 1949.

Marion J. Rice, Bert C. Cheatham, Evansville, Ind., Geo. C. Forrey III, Edward B. Raub, Jr., Jacob S. White, Indianapolis, Ind., Floyd E. Thompson, Chicago, Ill., for appellant.

B. Howard Caughran, United States Attorney, Elba L. Branigin, Jr., Assistant United States Attorney, Maurice W. Graston, Assistant United States Attorney, Indianapolis, Ind., for appellee.

Before MAJOR, Chief Judge, and KERNER and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

Defendant appeals from a judgment upon a verdict of a jury finding him guilty of wilfully attempting to defeat and evade a part of the income and victory tax due from him for the years 1943 and 1944.

Count 1 of the indictment charged that defendant, for 1943, made a false and fraudulent return in that he reported an income tax net income for the calendar year, of $4940.88, a victory tax net income of $6040.94 and income and victory tax due of $907.50, whereas each of said incomes for the calendar year was $10,709.04, upon which he owed a total tax of $2737.62. Count 2 charged that he falsely and fraudulently stated that his net income for 1944 was $5677.58 and the tax due thereon $1171.50, whereas his net income for the year was $22,198.87, upon which he owed a tax of $8486.94.

Upon appeal, defendant contends that the evidence was insufficient to establish his guilt, in that there was no proof of undisclosed source of income or of unreported taxable income from disclosed sources and no proof of defendant's net worth in 1943 and, therefore, no basis for establishment of increased net worth or expenditures in excess of reported income and, further, that, under the facts of the case, the increased net worth and expenditures method of proof is not properly applicable. The government insists that it has proved that defendant wilfully evaded payment of tax in each year by evidence that in each year defendant's net worth increased in an amount greater than his reported income and by evidence of expenditures in excess, as it says, of defendant's disclosed incomes.

The tax return for each year was prepared by a deputy collector in accord with information supplied by defendant. At the trial, the government offered no evidence that the income reported was erroneously stated; nor did it question any of the deductions made by defendant. On the contrary, it relied entirely upon what it contends is sufficient evidence to establish an increase in net worth during each of these years in excess of the tax reported and expenditures in excess of reported income.

In such a situation we must keep in mind that the conviction can not stand unless there is proof of the corpus delicti, existence of which can not be presumed or established by an extrajudicial admission. The government must, by competent evidence, prove beyond reasonable doubt

that the crime charged has actually been committed. Pines v. United States, 8 Cir., 123 F.2d 825, 829; Forte v. United States, 68 App.D.C. 111, 94 F.2d 236, 243, 127 A.L.R. 1120; Gordnier v. United States, 9 Cir., 261 F. 910, 912; United States v. Chapman, 7 Cir., 168 F.2d 997 at page 1001. In the latter case we said: "Appellant contends that, 'In a "net worth case," the starting point must be based upon a solid foundation and a Revenue Agent's statement of the defendant's oral admission or confession when uncorroborated is not sufficient to convict.' We fully agree with his statement of the law." In other words to justify the conviction, there must be proof beyond reasonable doubt and exclusive of any express or implied extrajudicial admission by defendant, that defendant evaded some income tax. Gleckman v. United States, 8 Cir., 80 F.2d 394, 399; United States v. Miro, 2 Cir., 60 F.2d 58, 61; O'Brien v. United States, 7 Cir., 51 F.2d 193, 196. Inasmuch as there is no direct proof that defendant received income which he did not report, we must test the validity of his conviction by the rules enunciated in the cases cited to determine whether there is such proof of increase in net worth, irrespective of defendant's implied admissions out of court, as to justify a finding of guilt. Such proof, circumstantial in character, in view of the principles announced, must be such as will exclude every reasonable hypothesis except that of guilt. Evidence of mere probability of guilt, of course, is not sufficient. Whether the proof meets these requirements necessitates some discussion of the evidence.

From 1919 to 1947 defendant owned and operated a drugstore in Evansville, Indiana, and acquired from time to time pieces of real estate in the same city and a farm in an adjoining county. During 1943 and 1944, as well as for sometime previously thereto, he owned a number of coin-operated music boxes and amusement machines, which he placed in various restaurants and taverns for operation, the tenant and the owner dividing the net proceeds from the machines equally. His store, real estate and automatic machines afforded, according to the evidence, his only sources of income. Apparently he was a careless man, in so far as keeping records was concerned, as he kept no formal books of account but only invoices, memoranda, bills and checks. It was from such basic material and his own statements that the tax returns for 1943 and 1944 were prepared by the deputy collector. His return for 1943 showed that he had gross receipts of $55,280.21 and, after undisputed deductions, a net taxable income of $6198.44 and a tax of $1010.39 (including the unforgiven portion of 1942), which was paid. As we have indicated, there is no proof that any of the information furnished or any of the amounts reported was inaccurate or false. In fact the record is devoid of any direct evidence that defendant had any taxable income that he did not report.

Upon the theory that his worth had increased in each of the years, the government assumed that defendant's net worth on January 1, 1943 was $50,829.06. An experienced auditor in the employment of the government testified that this net worth, at the end of 1943, was $62,200.80. He assumed that the increase, $11,371.74, was taxable income received by defendant in 1943. His computation fixed defendant's net worth at the end of 1944 at $85,989.67, resulting in an increase in net worth of $22,228.87, which the witness said was taxable income received by defendant in 1944. Upon the hypothesis that these computations were correct, a technical advisor of the Revenue Department computed defendant's tax for 1943 at $2538.83 of which he had paid $1010.39 and, in 1944, at $8504.64 of which he had paid $1171.50.

The weakness of the government's position, stressed by defendant, is the uncertainty of the propriety of the finding of defendant's net worth at the beginning of 1943. Of course, before the increased net worth method of proof is effective, the net worth of the taxpayer at the beginning of the tax year must be clearly and accurately established by competent evidence. Bryan v. United States, 5 Cir., 175 F.2d 223; United States v. Chapman, 7 Cir., 168 F.2d 997, 1001; United States v. Skidmore, 7 Cir., 123 F.2d 604, 608. By this rule we

must test the sufficiency of the evidence offered by the government to establish defendant's net worth at the beginning of 1943.

The agent of the Revenue Department testified that he examined defendant's cancelled checks, bank statements and miscellaneous memoranda covering 1943 and 1944 and from them, secured the information upon which he based his computation. He admitted that he found no discrepancy in the amounts received by defendants as income and the amounts returned. The government offered no direct testimony of unreported income items or of any undisclosed source of income.

The parties seem to be in no disagreement as to valuation of certain property owned by defendant, but there is no proof that the property admittedly owned by him at the beginning of 1943 constituted all assets he had at that date. There is no proof that he had not accumulated cash, or assets of other character over the 25 years during which he had been engaged in business. The agent testified that defendant said that he received no gifts by inheritance in the five years 1940 to 1944 inclusive, and that he had no bank account, stocks or bonds or securities except those submitted. But defendant did tell the agent that he had been in business for 25 years and that in the five year period mentioned, he owned United States savings bonds which he had cashed. There is no proof as to the amount of bonds defendant owned at the end of 1942, or of when they were cashed or whether they were cashed in 1943 and 1944. The agent testified that defendant had certain corporate stock but the prosecution offered no proof as to the amount owned by defendant in 1942 or whether any part or all of it was sold in 1943 or in 1944. The agent further testified that defendant said he had a $10,000 life insurance policy, but there is no proof of its value at the end of 1942 or as to whether it was surrendered or cashed in 1943 and 1944. The agent said on cross-examination that he had made no inquiry of defendant as to whether he had cash on hand accumulated from earnings from his business in the years prior thereto. When counsel for defendant objected that the agent merely assumed that the assets he had enumerated were the defendant's only assets at the beginning of 1943, the United States Attorney remarked that there might have been other assets. In other words, the evidence falls far short of proof that the property which the government agents assumed constituted all of defendant's net worth at the beginning of 1943, was in fact all of the property then owned by him. And, in determining net worth and expenditures, the government took no account of unquestioned deductions for depreciation and depletion, amounting, in 1943, to $7255.63 and, in 1944 to $9389.44 and, accumulated over the years, to $34,-464.41. These deductions, though authorized by law, were in their essence money which defendant might legitimately and advantageously have expended for new assets of other character, thus increasing his net worth from a legitimate source.

■ As we have said, when the government relies upon the circumstances of increased net worth and expenditures in excess of reported income to establish income tax evasion it must produce evidence that excludes all possible available sources of taxable income from which the increased net worth and the excess expenditures could have been derived. Thus in Bryan v. United States, 5 Cir., 175 F.2d 223, 225, the court said: "The net worth-expenditures method of establishing net income, sought to be applied in this case, is effective only if the computations of net worth at the beginning and at the end of the questioned periods can reasonably be accepted as accurate. Since * * * no claim of evasion is based upon the deductions from gross income reported by the Defendant, and since there is no evidence that the gross expenditures by the Defendant in any year were made entirely from gross income of the business operations in such year, it was essential for the Government to present evidence that excluded, or tended to exclude, all other available sources from which the additional funds expended could have been

derived. If the Defendant correctly reported his gross income, then a very substantial part of the expenditures was obliged to have been made from funds other than such current income and from sources not covered by the returns or the records of the Defendant or included by the Government's computation of net worth. * * * the Government must rely almost entirely upon circumstantial evidence, that is to say, upon the circumstance of the expenditure of considerably more money in the years in question than the Defendant took in * * *. The evidence, being circumstantial, must exclude every reasonable hypothesis other than the guilt of the Defendant. * * * the case should not have been submitted to the jury since it did not exclude the hypothesis that the funds used in making some of the expenditures might have been from sources other than current business income." This supports the decision of this court in United States v. Chapman, 7 Cir., 168 F.2d 997, 1001.

 Remembering that the government has the burden of proof in a criminal case, that the burden never shifts to defendant, that circumstantial evidence must be of such character as to exclude every reasonable hypothesis except that of guilt, it necessarily follows that, when the government relies upon circumstances of increased net worth and expenditures in excess of reported income to establish income tax evasion, the basic net worth must be established. The defendant is not compelled to take the witness stand; he is not compelled to make proof that he is innocent, but he must be proved guilty by the evidence beyond all reasonable doubt, and where there is uncertainty as to whether all the assets of defendant are included in the government's computation of net worth, it follows that its computations can not be relied on. Essential proof of no other assets is the cornerstone of the evidence of the government; that cornerstone being faulty, the whole edifice is so weakened as to be undependable as proof of guilt beyond all reasonable doubt.

The judgment is reversed.