## GENDELMAN v. UNITED STATES.

No. 12724.

United States Court of Appeals
Ninth Circuit.

Oct. 19, 1951.

Charles H. Carr, Los Angeles, Cal., for appellant.

Ernest A. Tolin, U. S. Atty., Ray H. Kinnison, Bernard B. Laven, Assts., all of Los Angeles, Cal., for appellee.

Before STEPHENS, HEALY, and BONE, Circuit Judges.

STEPHENS, Circuit Judge.

Appellant was convicted, after a trial before a jury, of two violations of Title 26 U.S.C.A. § 145(b),[1] committed for the cal-

---

1. Title 26 U.S.C.A. § 145(b) "Failure to collect and pay over tax, or attempt to defeat or evade tax. Any person required under this chapter to collect, account for, and pay over any tax imposed by this chapter, who willfully fails to collect or truthfully account for and pay over such tax, and any person who will-

endar year 1943. The first alleged violation consisted in filing a false and fraudulent income tax return. The second alleged violation consisted in attempting to evade and defeat a part of the income taxes of his wife by causing to be filed a false return on her behalf. He was sentenced to ten months imprisonment on each count, the periods to run concurrently.

Appellant contends that the evidence was insufficient to show that an offense had been committed as to either count; that there was no proof of the corpus delicti independent of the alleged confessions of the appellant; that for the reasons just stated appellant's motion pursuant to Rule 29 [2] of the Federal Rules of Criminal Procedure for a judgment of acquittal should have been granted; that the trial court erred in overruling appellant's objections to the admission of certain evidence.

In determining whether the trial court properly denied appellant's motion for judgment of acquittal, this court will consider the evidence most favorable to the verdict and such reasonable inferences as the jury may have drawn therefrom. United States v. O'Brien, 7 Cir., 1949, 174 F.2d 341. Full play must be given to the right of the jury to determine credibility, weigh evidence, and draw justifiable inferences of fact. Curley v. United States, 1947, 81 U.S.App.D.C. 389, 160 F.2d 229, certiorari denied, 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850, rehearing denied, 331 U.S. 869, 67 S.Ct. 1729, 91 L.Ed. 1872. If the government's evidence was sufficient to make the question of the alleged deliberate falsity of the appellant's return one of fact for the jury, the appellant was not entitled to a judgment of acquittal. Schuermann v. United States, 8 Cir., 1949, 174 F.2d 397, 398, certiorari denied, 338 U.S. 831, 70 S.Ct. 69, 94 L.Ed. 505, rehearing denied, 338 U.S. 881, 70 S.Ct. 156, 94 L.Ed. 541.

During the year 1943, appellant was engaged in the manufacture and sale of household furniture. It was admitted that none of the numerous enterprises operated by him was carried on in his own name. They consisted of furniture manufacturing enterprises and retail furniture outlets, all in the name of either Edythe Gendelman, appellant's wife, or one Esther Chochem, appellant's aunt who had raised appellant from childhood and considered herself as his mother.

Numerous bank accounts carried during the year were in the names of the same two persons with the addition of one account in the name of Corinne Chochem, daughter of Esther Chochem, over which appellant held a power of attorney. Appellant also held a power of attorney over one of the bank accounts in the name of Esther Chochem. There was evidence that the funds in these accounts were under the control of and were used by appellant in his business dealings.

In answer to a request by the government for further information as to the true ownership of one of his enterprises listed under the name of Esther Chochem, appellant made the following signed statement: "Esther Chochem was the owner of the legal title to the property of the business operated under the name of Super-Built Furniture Mfg. Co., but the income therefrom was received by Julius Gendleman, to whom it really belonged." The income from Super-

fully attempts in any manner to evade or defeat any tax imposed by this chapter or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than five years, or both, together with the costs of prosecution."

2. Federal Rules of Criminal Procedure, Rule 29, 18 U.S.C.A. "Motion for Acquittal.

"(a) Motions for directed verdict are abolished and motions for judgment of

acquittal shall be used in their place. The court on motion of a defendant or of its own motion shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses. If a defendant's motion for judgment of acquittal at the close of the evidence offered by the government is not granted, the defendant may offer evidence without having reserved the right."

Built was not reported on appellant's 1943 return.

Bank deposits made by appellant, listed in appellant's books as loans payable, were shown to have been income from sales of merchandise, and were shown to have been later transferred from the loans payable to the drawing account. Based on these bank deposits, the income unreported was estimated to amount to $23,473.81.

Analysis was also made of appellant's financial position by comparing his net worth as of January 1, 1943, with his net worth on December 31, 1943. On a net worth basis, even omitting many includible items from income, the minimum amount not reported was estimated at $19,627.64. See Schuermann v. United States, supra, 174 F.2d at page 399. Appellant reported his net income in 1943 as $2,593.38 and the income and victory tax thereon as $401.25.

 While the government had the duty to prove guilt beyond a reasonable doubt, it was not required to prove the exact amounts of unreported income. Skilful concealment can not be made an invincible barrier to proof. United States v. Johnson, 1943, 319 U.S. 503, 517, 63 S.Ct. 1233, 87 L.Ed. 1546. Proof of the amounts of the appellant's income need not measure up to the amount stated in the indictment. Gleckman v. United States, 8 Cir., 1935, 80 F.2d 394, certiorari denied, 297 U.S. 709, 56 S. Ct. 501, 80 L.Ed. 996. What is necessary to take a case of this kind to the jury is a showing that a taxpayer had income which he deliberately failed to include in his return. Schuermann v. United States, supra, 174 F.2d at page 399. Whether such a showing had been made at the close of the government's case was to a great extent dependent upon the credibility of the government's witnesses.

Appellant's defense consisted in attempting to show, through cross-examination of the government's witnesses, that certain items were improperly included in estimates of appellant's income; that certain questionable accounting entries resulted from mistakes of employees; that damaging admissions made in appellant's signed statement were not in fact true.

 That being the posture of the case at its close, disputed issues of fact were presented, which were determinative of the charge. Neither what is referred to by appellant as his alleged "confession" nor the bank deposits stood entirely alone as the sole proof of a tax due from him and deliberately omitted from his return. The evidence of the assets held by appellant in others' names, the large amount of funds at his disposal and without explanation as to source, the questionable bookkeeping entries, the increase in his net worth during the year, all considered in light of the taxpayer's own admissions, was in our opinion sufficient evidence to justify submission of the case to the jury. United States v. Johnson, supra, 319 U.S. at page 518, 63 S. Ct. at page 1240.

Esther Chochem was called as a witness on behalf of the government. Government counsel asked her how much money she had with her when she came to California. She replied, "I have about $27,000–$26,000 or $27,000." Over objection of defense counsel, government counsel was permitted, after claiming surprise, to elicit from the witness that on a prior occasion she had told a government agent that she had brought with her a much lesser amount.

 Appellant contends that this ruling of the trial court was error in that it allowed the government to impeach its own witness. The trial court's ruling on this issue was not error. A witness may, with permission of the court, be examined as to specific prior contradictory statements if the trial court finds that his testimony at the trial comes as a genuine surprise to the party calling him as a witness. United States v. Maggio, 3 Cir., 1942, 126 F.2d 155, 159, certiorari denied, 316 U.S. 686, 62 S. Ct. 1275, 86 L.Ed. 1758.

 No error was committed in permitting government agent Auerbach, a certified public accountant who had investigated the case, to give his conclusions as to the increase in net worth of appellant for the year in question, based upon a chart prepared from amounts determined as a result of his investigation. Appellant was entitled to attack these conclusions on cross-

examination or with other evidence, or with his own computations, but this did not detract from the admissibility of his testimony. See Barcott v. United States, 9 Cir., 1948, 169 F.2d 929, 930, certiorari denied, 336 U.S. 912, 69 S.Ct. 602, 93 L.Ed. 1076. The correctness or credibility of materials underlying an expert's answers is not foreclosed by the expert's testimony or withdrawn from the proper independent determination of the jury. United States v. Johnson, supra, 319 U.S. at page 519, 63 S. Ct. at page 1241.

Our conclusion that the evidence and the rulings of the trial court sustain the first count upholds the judgment of the trial court since the sentences as to both counts were imposed to run concurrently. United States v. Johnson, supra, 319 U.S. at page 517, 63 S.Ct. at page 1240.

The judgment below is,

Affirmed.