## DAVENA v. UNITED STATES.

### No. 13131.

United States Court of Appeals
Ninth Circuit.

June 27, 1952.

Rehearing Denied Aug. 18, 1952.

Writ of Certiorari Denied Nov. 10, 1952.

See 73 S.Ct. 168.

Emmet J. Seawell, Sacramento, Cal., Harold M. Simon, Vista, Cal., for appellant.

Ellis N. Slack, Acting Asst. Atty. Gen., Chauncey Tramutolo, U. S. Atty. Thomas Martin, Asst. U. S. Atty., Clyde R. Maxwell, Jr., Trial Attorney, Penal Division, Bureau of Internal Revenue, San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, and STEPHENS and POPE, Circuit Judges.

DENMAN, Chief Judge.

This is an appeal from a judgment of conviction on a three-count indictment charging the violation of 26 U.S.C. § 145 (b) [1] in the years 1944, 1945 and 1946. The appellant was sentenced to 30 months on each count, the time to run concurrently, and was given a fine of $2500 on the third count.

There are two principal issues raised on this appeal: (a) to what extent may extra-judicial admissions of the defendant be used as evidence of the commission of the crime charged; and (b) were the assumptions made by the government as to the valuation of assets includable in appellant's net worth in error?

Much of the evidence tending to support the conviction was put in the record by two agents of the Bureau of Internal Revenue who told of their conversations with the appellant during the investigatory stages of the Bureau's pursuit of him. They recounted statements of the defendant which were highly damaging to his defense and undoubtedly influenced the jury greatly. It is now urged upon us that these extra-judicial statements of the defendant were improperly admitted into evidence because the crime was not proved independently of them, and thus that United States v. Fenwick, 7 Cir., 177 F.2d 488 requires a reversal. Whatever vitality the Fenwick case has in the light of United States v. Hornstein, 7 Cir., 176 F.2d 217 which preceded it and appears to be in conflict, and United States v. Yeoman-Henderson, Inc., 7 Cir., 193 F.2d 867, which strictly limits the Fenwick case, it is of no relevance in this circuit since here it is established that the evidence corroborating a confession of the defendant need not independently prove the commission of the crime charged, neither beyond a reasonable doubt nor by a preponderance of proof.[2] This being the case, the admissions of the defendant which were fully corroborated were properly given to the jury.

The evidence as a whole shows that Davena was police and fire chief of Benicia, California, during the years in question. Only his salary in these positions and small fees for the service of legal papers were reported as income by Davena and his wife in their joint return. However, a prostitute, Jerry Robinson, testified that she had given Davena $300-$400 for favors; and the appellant's extra-judicial admissions, testified to by the Bureau's agents, confirm this. Davena also told the agents he received money from other prostitutes and gamblers during 1944-46; and none of this income appeared

1. " * * * * * *
"(b) Any person required under this chapter to collect, account for, and pay over any tax imposed by this chapter, who willfully fails to collect or truthfully account for and pay over such tax, and any person who willfully attempts in any manner to evade or defeat any tax imposed by this chapter or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than five years, or both, together with the costs of prosecution."

2. Wiggins v. United States, 9 Cir., 64 F.2d 950, 951, certiorari denied 290 U.S. 657, 54 S.Ct. 72, 78 L.Ed. 569; Chevillard v. United States, 9 Cir., 155 F.2d 929, 935; D'Aquino v. United States, 9 Cir., 192 F.2d 338, 357; cf. Warszower v. United States, 312 U.S. 342, 345, 347, 61 S.Ct. 603, 85 L.Ed. 876. See also Daeche v. United States, 2 Cir., 250 F. 566, 571; Bell v. United States, 4 Cir., 185 F.2d 302, 309.

232

on the returns filed. Other evidence, independent of Davena's extra-judicial admissions, proved a net worth increase during each year involved in excess of the amount of income reported by the appellant.

 The government, as it was allowed to do,[3] prosecuted the case by showing annual increases in appellant's net worth and by comparing these figures to income reported by Davena. In order to support a conviction on this net worth theory, the government had to establish the net worth of the defendant at the beginning of the period during which the alleged evasion occurred. The government proceeded to do this by valuing assets held by Davena at the end of 1943. The valuation of an electric train at $500 rather than $1500 is attacked, but it has support in the record since Davena signed a net worth statement supporting the government's position on the question of the train's value. There is conflict in the record on this question, but the resolving of the conflict is for the jury. Gendelman v. United States, 9 Cir., 191 F.2d 993.

 A challenge is also made to the inclusion of other assets in the net worth of Davena during the years in question. It is now claimed that $5,000 of the amount figured in net worth was a gift from Davena's mother and thus not includable in net worth for the purposes of income taxation. It is also claimed that a $7,000 investment by Davena in a house should not be attributed to 1946 but rather to 1947 which is not one of the years for which evasion is charged. These were matters of conflicting evidence and the question was resolved against the appellant by the jury. The contention is also made that the government's computation of the tax due is erroneous since, if Davena had filed a separate return, there would have been no deficiency. Without agreement with this statement, it is sufficient to say that Davena had computed his own tax on a joint return basis.

The judgment is affirmed.

3. Bell v. United States, 4 Cir., 185 F.2d 302, 308.