## CALDERON v. UNITED STATES.
### No. 13675.
United States Court of Appeals
Ninth Circuit.

Oct. 9, 1953.

Rehearing Denied Dec. 8, 1953.

Norman S. Herring, W. Shelley Richey, Tucson, Ariz., for appellant.

Edward W. Scruggs, U. S. Atty., Oliver T. Hamilton, Asst. U. S. Atty., Phoenix, Ariz., John Lockley, Sp. Asst. to the Atty. Gen., for appellee.

Before DENMAN, Chief Judge, and HEALY and BONE, Circuit Judges.

DENMAN, Chief Judge.

This is an appeal from a judgment of the United States District Court imposing fines and probation upon appellant upon conviction on four counts of income tax evasion.

The question here is whether admissions of Calderon were properly received in evidence absent any independent evidence of the crime of tax evasion.

Calderon operates a legitimate coinmachine business in Douglas, Arizona. He is charged with having failed to report all of the income from this business for the years 1946, 1947, 1948, 1949. The Government established the alleged excess income for these years by the "net worth" method, measuring the increase of net worth for each year. The items which went into a net worth statement prepared by the Government were stipulated to be correct with the exceptions of "Cash on Hand" and "Cash in the Bank."

■ The burden of proof is on the prosecution as to each pertinent starting item of the net worth statements to a reasonable certainty.[1] Absent such a starting item as, say, cash on hand the remainder of the statement proves nothing. Here there is no question as to the items "cash in bank" as to each of the four years. As to "cash on hand," that, at the start of the accounting period, must be low enough to combine with the other factors to show a greater income than reported.

Here the Government's computation rested on $500 cash on hand at the beginning of 1946 and on that beginning amount the four years' charges of under reporting were made. At the trial a tax

[1]. Bryan v. United States, 5 Cir., 175 F. 2d 223, 226; United States v. Fenwick, 7 Cir., 177 F.2d 488.

See also: Gariepy v. United States, 6 Cir., 189 F.2d 459, 463; Brodella v. United States, 6 Cir., 184 F.2d 823, 825.

agent, a witness for the government. testified as follows:

"Q. Now, let's get back to this statement. You said, as I understand it, that if the cash on hand item as it appears in your net worth statement is in error then the whole thing is in error, that is right, isn't it? A. It would affect it, yes. It wouldn't make any of the other items wrong or right.

"Q. Just make the total wrong all the way through? A. Yes, if the item was wrong.

"Q. The total taxes, the total amounts Mr. Calderon is to be charged with would be wrong all the way through? It is true, isn't it? A. Yes, sir."

Calderon contends there is no admissible evidence to show his charged understatements, since all the testimony concerning the cash on hand consisted of his extrajudicial admissions to the tax officials and to his tax consultant.

■ The Government claims that Calderon's sworn statement given the tax officials confessing the under-reporting of his income for the four years, which was introduced in evidence over the objection that the corpus delicti had not been shown, is not an extrajudicial admission. The contrary has been stated the law in Pon Wing Quong v. United States, 9 Cir., 111 F.2d 751; Gulotta v. United States, 8 Cir., 113 F.2d 683; Yost v. United States, 4 Cir., 157 F.2d 147.

Calderon took the stand and gave testimony of cash on hand on January 1, 1945, which conflicted with his testimony at an earlier trial. We agree with the Government's position that the jury rejected Calderon's testimony as a whole. Otherwise they would have had to acquit him on the charges for 1947 and 1948, since the lowest amount of cash on hand he stated made his returns for those years not understatements.

The only other evidence showing the charged understatements consists of Caldron's verbal statements to the tax officials and to his bookkeeper. *A fortiori*

since such written statements are extrajudicial, these verbal statements are. They cannot be the basis of a conviction absent, as here, some independent proof of the corpus delicti. Spriggs v. United States, 9 Cir., 198 F.2d 782; United States v. Chapman, 7 Cir., 168 F.2d 997, 1001, certiorari denied, 335 U.S. 853, 69 S.Ct. 82, 93 L.Ed. 401.

The judgment is reversed and a new trial ordered.