SMITH v. UNITED STATES.
No. 4792.

United States Court of Appeals
First Circuit.
Feb. 26, 1954.
Rehearing Denied March 26, 1954.

W. Arthur Garrity, Jr., Boston, Mass. (Paul G. Counihan, New York City, on brief), for appellant.

W. Langdon Powers and Francis S. DiMento, Asst. U. S. Attys., Boston, Mass. (Anthony Julian, U. S. Atty., Boston, Mass., on brief), for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

HARTIGAN, Circuit Judge.

This is an appeal from a judgment entered in the United States District Court for the District of Massachusetts upon the verdict of a jury finding the appellant guilty on four counts of an indictment charging him with wilfully and knowingly attempting to defeat and evade a large part of the income tax due and owing by him to the United States for the calendar years 1946, 1947, 1948 and 1949, in violation of Sec. 145 (b) of the Internal Revenue Code, 26 U.S.C. § 145(b).[1] The appellant was sentenced to consecutive terms of imprisonment of one year and one day on each count and to pay a fine of $5,000.

The appellant and his wife, Eva Smith, were indicted jointly on five counts for filing false and fraudulent joint tax returns for the years 1946 to 1950 inclusive. The theory of the Government's case at the trial was that the joint net worth of the appellant and his wife was greater at the end than at the beginning of each year in issue, and that the source of their increased net worth was taxable income which exceeded that reported in their joint tax returns. In order to sustain these contentions, the Government introduced in evidence the joint tax returns of the appellant and his wife, a net worth statement signed by the appellant, verbal admissions by the appellant, and records of an annuity, bank and brokerage accounts, stocks, bonds, and real estate owned by the appellant and his wife. The annuity, all of the real estate, and the stocks and bonds were held in the name of Eva Smith. Twelve of the fourteen bank accounts were held in the name of Eva Smith alone or Eva Smith jointly with her brother. The latter testified that he had no interest in any of these accounts.

The Government then introduced a computation prepared by an agent of the Internal Revenue Bureau. This computation tended to show the net

---

1. " § 145. *Penalties*

 \* \* \* \* \* \*

"(b) *Failure to collect and pay over tax, or attempt to defeat or evade tax.* Any person required under this chapter to collect, account for, and pay over any tax imposed by this chapter, who wilfully fails to collect or truthfully account for and pay over such tax, and any person who willfully attempts in any manner to evade or defeat any tax imposed by this chapter or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than five years, or both, together with the costs of prosecution."

worth of the appellant and his wife at the beginning and end of each year in issue and substantially summarized the evidence the Government had previously presented. The Government, however, did not allocate in this computation the actual ownership of the various assets between the appellant and his wife.

At the conclusion of the presentation of the Government's evidence, the district court granted Eva Smith's motion for her acquittal and directed the jury to return a verdict of not guilty. After all the evidence was introduced the appellant moved for his acquittal on the five counts of the indictment. The court denied his motion as to the first four counts and granted it as to the fifth count covering the year 1950.

The appellant contends that his motion for acquittal should have been granted because there was not sufficient evidence for the jury either to fix his net worth at any base period or to show that a taxable source of income increased his net worth above what he reported in his tax returns for the years in issue.

■ The Government is not required to establish the exact amount of the appellant's unreported income, United States v. Johnson, 1943, 319 U.S. 503, 63 S.Ct. 1233, 87 L.Ed. 1546, and the case was properly submitted to the jury if there is sufficient evidence to warrant the jury finding beyond a reasonable doubt that the appellant wilfully attempted to evade his income taxes. Bell v. United States, 4 Cir., 1940, 185 F.2d 302, certiorari denied 1951, 340 U.S. 930, 71 S.Ct. 492, 95 L.Ed. 671. Also, in our review of this issue we must view the evidence in a light most favorable to the Government. Gendelman v. United States, 9 Cir., 1951, 191 F.2d 993, certiorari denied 1952, 342 U.S. 909, 72 S.Ct. 302, 96 L.Ed. 680; United States v. Yeoman-Henderson, Inc., 7 Cir., 1952, 193 F.2d 867.

The record reveals that an agent of the Internal Revenue Bureau had numerous discussions with the appellant's accountant concerning the preparation of a written statement showing appellant's net worth at the beginning and end of the years in issue. Such a net worth statement was prepared by the appellant's accountant without the aid of the revenue agent and was signed by the appellant. The statement and a check payable to the Collector of Internal Revenue were then delivered to the agent.

■ The appellant contends that the district court erred in admitting this statement and in failing to submit to the jury the question of the voluntariness of the statement. We find no merit in these contentions. There is no evidence that the appellant was in any way coerced or compelled to submit the statement. The statement, therefore, was properly admitted in evidence. Wilson v. United States, 1896, 162 U.S. 613, 16 S.Ct. 895, 40 L.Ed. 1090. And since there was a complete absence of evidence of coercion or compulsion, no factual question on this issue was presented for the jury to determine. Williams v. United States, 1951, 89 U.S. App.D.C. 32, 189 F.2d 693. There was, however, some conflict in the evidence as to whether or not the agent secured the statement by means of fraud or deceit. The district court, however, instructed the jury that if trickery, fraud or deceit were practiced upon the appellant by the Government to obtain the net worth statement, they were to reject all the evidence contained in such statement and all evidence that was obtained through it. Denny v. United States, 4 Cir., 1945, 151 F.2d 828, certiorari denied 1946, 327 U.S. 777, 66 S. Ct. 521, 90 L.Ed. 1005; Montgomery v. United States, 5 Cir., 1953, 203 F.2d 887.

The signed statement concluded with these words: "This statement of Net Worth and supporting schedules attached hereto, correctly and accurately represent to the best of my ability and recollection my true worth for the period covered herein." The appellant contends that no significance was given to these words at the trial because

it made no difference to the Government whether the appellant or his wife owned the assets representing the increase in net worth, and that it is "unfair" for the Government to rely on them in this appeal. The appellant further argues that these words were "probably a matter of form." The appellant, however, presented his evidence after Eva Smith had been acquitted and he then had ample opportunity to reveal the immateriality of these words. But he offered no evidence showing that they were "incidental", even though his accountant who prepared the statement took the stand as his witness. Furthermore, there is evidence that the appellant told agents of the Internal Revenue Bureau that *he* owned and paid for the real estate listed in his signed net worth statement.

■ The written and verbal statements of the appellant accurately fixed his net worth as of December 31, 1945, and revealed substantial increases in his net worth above what he reported as taxable income in his tax returns for the years in issue.[2] The Government's evidence, therefore, is not based upon " * * * speculation and theorizing by the government's witnesses as to what the facts really are." Demetree v. United States, 5 Cir., 1953, 207 F.2d 892, 893. See Bryan v. United States, 5 Cir., 1949, 175 F.2d 223, affirmed 1950, 338 U.S. 552, 70 S.Ct. 317, 94 L.Ed. 335; United States v. Fenwick, 7 Cir., 1949, 177 F.2d 488.

■ Also, there is evidence that the appellant told an agent of the Internal Revenue Bureau that late in 1945 or 1946 he began operating the Union News Service which supplied racing information to about a dozen customers and that he received $100 to $250 a month from each customer. An agent testified that the appellant told him the money for the purchase of the Falmouth Bowling Club came from monies accumulated from the Union News Service, and that some of this money was not reported. The Government thus presented evidence of a taxable source of the appellant's increase in net worth. See United States v. Chapman, 7 Cir., 1948, 168 F.2d 997, certiorari denied 1948, 335 U.S. 853, 69 S.Ct. 82, 93 L. Ed. 401; McFee v. United States, 9 Cir., 1953, 206 F.2d 872, petition for certiorari filed October 15, 1953.

■ The written and verbal statements of the appellant, however, do not constitute sufficient evidence for the submission of the case to the jury unless there is corroborating evidence of the corpus delicti. Warszower v. United States, 1941, 312 U.S. 342, 61 S.Ct. 603, 85 L.Ed. 876; Calderon v. United States, 9 Cir., 1953, 207 F.2d 377, petition for certiorari filed February 4, 1954. But all the other evidence must be considered together with the statements of the appellant in determining whether or not there is sufficient evidence for the jury to find the appellant guilty beyond a reasonable doubt. Bell v. United States, supra; Davena v. United States, 9 Cir., 1952, 198 F.2d 230, certiorari denied 1952, 344 U.S. 878, 73 S.Ct. 168, 97 L.Ed. 680.

■ In the instant case there is ample corroborating evidence of the corpus delicti.

1. The appellant did not keep any records of his news service business. See United States v. Hornstein, 7 Cir., 1949, 176 F.2d 217; Bell v. United States, supra.

2. A witness who is employed at the Office of the Collector of Internal

| | | 1946 | 1947 | 1948 | 1949 |
|---|---|---|---|---|---|
| **2.** | Taxable income reported in tax returns | $3,777.66 | $4,690.27 | $4,849.51 | $3,319.85 |
| | Increase in net worth specified in appellant's signed net worth statement | $11,213.48 | $18,092.96 | $30,413.24 | $14,351.90 |

Revenue and has custody of tax returns filed by Massachusetts taxpayers testified that no record of a return having been filed could be found for the years 1936 through and including 1939; that a non-taxable return was filed for the year 1940 and a taxable return was filed for 1941; that a non-taxable return was filed for 1942; that a non-assessable return was filed for 1943; and that a refundable return was filed for 1944. Between 1941 and 1945 the appellant worked in a package store for about $40 a week and the appellant's wife was a housewife from 1943 until the end of 1950. Therefore, there is evidence from which the jury could infer that the appellant had not accumulated in prior years a sum greater than that specified for December 31, 1945, in his signed net worth statement. See Schuermann v. United States, 8 Cir., 1949, 174 F.2d 397, certiorari denied 1949, 338 U.S. 831, 70 S.Ct. 69, 94 L.Ed. 505; Gariepy v. United States, 6 Cir., 1951, 189 F.2d 459.

3. The appellant did not include in his statement a bank account which substantially increased his net worth for the year 1946. This account was held in the name of Dean Muir and Janet Smith, but the appellant admits his ownership of it. See Gendelman v. United States, supra; United States v. Chapman, supra.

■ 4. The failure of the appellant to offer any explanation for his increase in net worth may be considered by the jury in reaching its verdict. Schuermann v. United States, supra; Jelaza v. United States, 4 Cir., 1950, 179 F.2d 202; Remmer v. United States, 9 Cir., 1953, 205 F.2d 277, certiorari granted 1953, 346 U.S. 884, 74 S.Ct. 144.

5. An agent of the Internal Revenue Bureau examined the Registry of Deeds for Worcester County and the Assessors' Office in the town of Shrewsbury. He then had numerous discussions with the appellant's accountant and on two separate occasions agents held conferences with the appellant. An investigation was then made and an annuity, stocks, bank accounts, brokerage accounts, Government bonds, and real estate were discovered in the name of the appellant or his wife. Also, substantial payments for additions to the appellant's home were found. On the basis of this comprehensive investigation the Government produced evidence which clearly corroborated appellant's signed net worth statement. Compare Bryan v. United States, supra with Brodella v. United States, 6 Cir., 1950, 184 F.2d 823.

6. The appellant's brother-in-law testified that appellant operated a news service room from the latter part of 1945 to sometime in 1949 and that the appellant's wife had no occupation other than that of a housewife from 1943 through 1950. This testimony thus corroborated appellant's statements as to the source of his increased net worth. Also there was abundant evidence other than appellant's statements that almost all of these assets were acquired during the years here in issue. Therefore, that the appellant " * * * had large, unreported income was reinforced by proof which warranted the jury in finding that * * * the private expenditures * * * exceeded his available declared resources." United States v. Johnson, supra, 319 U.S. at page 517, 63 S.Ct. at page 1240.

We find no merit in appellant's contention that the court's instructions to the jury were substantially prejudicial to the appellant and erroneous in law.

■ The appellant argues that the district court erred in failing to instruct the jury that the evidence of the above assets was admitted only against Eva Smith. When the evidence was introduced, however, the district court told the jury that further testimony might connect the appellant with these assets. And the evidence we have mentioned, together with all the other evidence introduced, clearly was sufficient for the jury to infer appellant's ownership of the assets listed in his net worth statement. See DeWitt v. United States, 6 Cir., 1923, 291 F. 995, 1002,

certiorari denied 1923, 263 U.S. 714, 44 S.Ct. 134, 68 L.Ed. 521; O'Connor v. United States, 4 Cir., 1953, 203 F.2d 301.

 The only remaining objection taken by the appellant to the charge was the failure of the district court to instruct the jury "that an increase in appellant's net worth does not mean income." Considering the charge in its entirety, we find no merit in this objection. See Gariepy v. United States, supra, 189 F.2d at page 464.

The judgment of the district court is affirmed.