854

Stephen Haseing ATKINS, Appellant,

v.

GOVERNMENT OF GUAM, Appellee.

Cr. No. CR–5–A.

District Court of Guam Appellate Division.

April 11, 1955.

Palting & Arriola, Agana, Guam, for appellant.

Howard D. Porter, Atty. Gen., Louis A. Otto, Jr., Deputy Atty. Gen.; Leon D. Flores, Island Atty., Richard Rosenberry, Deputy Island Atty., Agana, Guam, for appellee.

Before SHRIVER, P. J., and McLAUGHLIN and WIIG, JJ.

SHRIVER, Presiding Judge.

This is an appeal from the Island Court of Guam in which court the appellant was convicted on twenty-one counts of an information charging him with violating Section 653(2) of the Penal Code of Guam [1] by transporting

---

1. Section 653, Penal Code of Guam. "*Alcoholic beverages. Disposition, transport, drunkenness.* (1) Gift or other disposal: It shall be unlawful to give, or in any other way dispose of, intoxicating liquors upon which the internal revenue tax has not been paid into the treasury of the government of Guam. Anyone who violates this section shall be fined an amount equal to 100 times the amount of the tax involved. (2) Transportation: It shall be unlawful to transport intoxicating liquors on which the prescribed taxes have not been paid. Anyone who shall so do shall be fined 100 times the amount of the unpaid taxes. (3) Drunkenness: The penalty for being under the influences of any intoxicant shall be a fine not to exceed $25, or by imprisonment not to exceed 30 days unless the offender is convicted of being a common drunkard, when Section 647 shall apply."

intoxicating liquors on which the prescribed taxes had not been paid. As provided by such section, the Island Court fined the appellant on each count an amount equal to one hundred times the amount of the unpaid taxes, or a total of $13,360, and ordered the appellant confined to jail until he worked out the fine at the rate of $3 per day, unless such fine is sooner paid, as provided for in Section 1446 of the Penal Code of Guam.

A summary of the evidence presented by the government will be of assistance in understanding the assignments of error. The United States Navy maintains an establishment at Point Asan in Guam, which is a military reservation to provide housing, messing, recreation, etc., for civilian employees of the United States. Such employees maintain an organization known as Employees' Service Association and such association is allowed to purchase intoxicating liquor for resale to qualified members without being required to pay the internal revenue tax otherwise payable to the government of Guam. Each qualified member is furnished an identification card bearing his signature and may purchase liquor at the association store within prescribed limits.

Before resale each bottle of liquor sold has attached to it a decalcomania or decal bearing a serial number. When the member makes a purchase, a purchase slip is issued showing his name, card number, purchase and the serial numbers of the bottles delivered to him.

The appellant did not reside in such community, nor was he authorized to purchase liquor. He borrowed the identification card of a qualified purchaser and by representing himself to be such person made twenty-one purchases of liquor over a period of about forty-six days. The appellant was employed as a bartender and general handyman in a local tavern where he had a room. When it became apparent that unusually large purchases of liquor were being made by the appellant, who was then assumed to be the person he represented him-

self to be, the operations manager of the association notified the Office of Naval Intelligence. On the 10th day of August 1954 he followed the appellant after the appellant had made a purchase and saw him drive to and enter the tavern.

Upon receipt of this information Naval Intelligence investigating officials went to the tavern some days later and followed a trash truck which had picked up trash at the tavern and at the dumping ground found empty bottles that bore the decal numbers which corresponded with purchases made by the appellant.

A search warrant was issued by the Island Court for the tavern premises upon the assumption that there was probable cause that the appellant had acquired the liquor for sale over the bar at the tavern. Under the authority of such warrant the tavern premises were searched and four bottles of liquor, three of which were identified as having been sold to the appellant, were found and subsequently introduced in evidence.

When questioned by Naval Intelligence officers, the appellant readily admitted that he had purchased all of the liquor shown on the sales slips, denied that such purchases were for resale by the drink, and alleged that he had taken the liquor to the tavern or to friends for consumption by them or by him; that the empty bottles found at the dump had been placed in the tavern trash after the contents had been consumed by himself and friends elsewhere.

From the foregoing it is clear that the government proved that by misrepresenting himself to be an authorized purchaser, the defendant purchased the liquor; that on one occasion he was followed as he transported it; that three bottles of liquor so sold were found at the tavern where he had a room; that some empty bottles were transported from the tavern to a public dump; and that the appellant admitted that all of the liquor so purchased had been transported either to the tavern or to a friend's house.

In accordance with Rule 9 of the Appellate Rules of the District Court, coun-

sel have waived oral argument on appeal and have stipulated as to the assignments of error upon which the appellant will rely. We first consider the question as to whether the judgment of conviction is contrary to the law and the evidence. While the parties have not briefed the question, we must determine whether the extrajudicial confession of the appellant is sufficiently corroborated. The government has stipulated that its evidence consists of proof of purchases, the finding of three full bottles of liquor at the tavern and seven empty bottles at the dump, and the confession or admission of the appellant that he had in all instances transported the liquor after purchasing it. In addition there is the one instance when the appellant was followed. The appellant was convicted on the several counts of transporting over 150 bottles of liquor and as to all but a few the evidence is limited to purchases and the extrajudicial confession.

 The rule in this jurisdiction, at least in federal cases, and which we follow in this non-federal case, is stated in Davena v. United States, 9 Cir., 198 F.2d 230, 231.

"Here it is established that the evidence corroborating a confession of the defendant need not independently prove the commission of the crime charged, neither beyond a reasonable doubt nor by a preponderance of proof."[2]

In Martin v. United States, 8 Cir., 264 F. 950, 951, the accused was charged with transporting intoxicating liquor from St. Joseph, Mo. to Hastings, Neb. 102 quarts of liquor were found at the residence of the accused in Nebraska and the accused told the officers making the seizure that he had transported it from Missouri on February 8, 1919. He pleaded guilty to a complaint in the county court of Adams County, Nebraska, charging him with transporting liquor from Missouri between the "1st and the 10th day of February, A.D. 1919." The possession of the liquor, the statements to the officers, and the plea of guilty in the state court were relied upon to sustain the conviction. The court stated in part:

"Counsel, however, maintain that the law is well settled that judicial confessions or admissions, uncorroborated by any other proof of the corpus delicti, are sufficient to support a conviction, and cites many cases in support of his position. It is true that a judicial confession or admission will support a conviction in the case in which it is made, because a plea of guilty is a waiver of proof in that case, and authorizes the court to render judgment against the defendant upon the plea. Counsel for the United States have cited, also, cases which hold that judicial confessions or admissions made in one case are admissible as evidence against the same defendant in other cases, where the plea can be said to admit facts which are relevant and material to the trial in which said confession or admission is offered as evidence. But admissibility and sufficiency to sustain a conviction are two very different propositions. It may be true that judicial confessions or admissions are admissible in other cases than those in which they were made; but this is not saying that, when they are admitted, they will sustain a conviction of the crime charged, without being corroborated by independent evidence of the corpus delicti. What the defendant in this case told the officers concerning the bringing of the whisky from St. Joseph, Mo. to Hastings, Neb. was clearly admissible; but it would not sustain a

2. Wiggins v. United States, 9 Cir., 64 F.2d 950, 951, certiorari denied 290 U.S. 657, 54 S.Ct. 72, 78 L.Ed. 569; Chevillard v. United States, 9 Cir., 155 F.2d 929, 935; D'Aquino v. United States, 9 Cir., 192 F. 2d 338, 357; Cf. Warszower v. United States, 312 U.S. 342, 345, 347, 61 S.Ct. 603, 85 L.Ed. 876. See also Daeche v. United States, 2 Cir., 250 F. 566, 571; Bell v. United States, 4 Cir., 185 F.2d 302, 309.

conviction, unless corroborated as above stated. So the fact that a judicial confession or admission made in one case may be admissible in another does not determine that such judicial confession or admission, when offered in a case other than that in which it was made, is still a judicial confession, and we find no authority which so holds. On the contrary, the text-writers on evidence say that, when we leave the sphere of the same cause in which the judicial confession or admission was made, we leave behind all questions of judicial confessions or admissions. The judicial admission or confession, as we have before stated, is a waiver of proof in the case in which it is made; but when this effect ceases with the litigation itself, and we arrive at other litigation, and seek to resort to the parties' statements as embodied in the pleadings of prior litigations, we resort to them, not as judicial confessions or admissions, but as ordinary statements of the defendant, of no more importance, and of no higher character as proof, than other statements of the defendant tending to contradict his evidence or plea in the case on trial. Wigmore on Evidence, vol. 2, p. 1242, § 1065; Chamberlayne on Evidence, vol. 2, § 1283, pp. 1568–1624. It therefore results that the statements made by the defendant in the present case to the officers, and his statement made to the court when pleading to the above complaint in the county court for Adams county, Neb. were each and all extrajudicial confessions, and insufficient to support a verdict of guilty, unless corroborated by independent evidence of the corpus delicti."

In Forte v. United States, 68 App.D. C. 111, 94 F.2d 236, 127 A.L.R. 1120, the court reversed a conviction for transporting a stolen automobile found in possession of the accused some time after the theft when there was no proof that the accused knew it was stolen except his confession. In the Forte case: the court held that it understood the rule stated in Pearlman v. United States, 9 Cir., 10 F.2d 460, as holding that the evidence, independent of a confession, need not touch the corpus delicti at all and refused to follow it.

■ We believe that independent of the Pearlman case, the cases in this circuit indicate that at least the first steps in the proof of the corpus delicti were shown aliunde the extrajudicial confession, i. e., the fact of the specific loss or injury sustained. Wigmore on Evidence (3d Edition) Sec. 2072. Both Smith v. United States, 1954, 348 U.S. 147, 75 S.Ct. 194, and United States v. Calderon, 1954, 348 U.S. 160, 75 S.Ct. 186, are in accord with the general rule that an accused may not be convicted on his own uncorroborated confession; that to warrant a conviction there must be proof independent of the confession of the corpus delicti.

■ The evidence of the fraudulent purchase of the liquor was properly admitted as incident to its unlawful transportation, Billingsley v. United States, 6 Cir., 274 F. 86. It would also appear that the evidence of the full and empty bottles bearing the decal numbers was properly admitted to show that there had been transportation of those particular purchases. Insofar as the purchases made when the appellant was followed, the charge was also proven.

■ But we are unable to conclude that the various other offenses charged were shown to have been committed except by the confession. The obvious purpose of the code provision is to protect the internal revenue of Guam by making it illegal to transport liquor upon which the prescribed tax has not been paid. The purpose of the decals with numbers is to indicate that the liquor contained therein is not subject to the tax when in possession of those authorized to purchase. In accordance with Section 653(1) of the code such authorized persons may not give or otherwise dispose of the liquor so purchased.

Possession alone is not made an offense. We find no adequate corroboration of the offense of transportation, except as indicated *supra*.

██ The appellant next contends that the section in question is too vague and indefinite to be constitutional. This is without merit. Regardless of what the legal position may be as regards an authorized purchaser of liquor upon which the prescribed tax has not been paid, the appellant was not such a purchaser. After his misrepresentation in acquiring the liquor, any transportation was in violation of law.

██ The appellant contends that the fine imposed was excessive and that the Island Court was without jurisdiction to impose it. The appellant was not convicted of one offense but of twenty-one offenses. While the fine imposed was a total one, it was broken down into fines for each offense, and it is conceded that such fines were properly computed. Section 82 of the Code of Civil Procedure of Guam vests jurisdiction in the Island Court in all criminal cases not amounting to felonies, Government of Guam v. Pennington, D.C., 114 F. Supp. 907–911. Section 17 of the Penal Code of Guam provides:

"*Felony and misdemeanor defined.* A felony is a crime which is: (a) Specifically declared to be a felony; or is (b) Punishable by death; or is (c) Punishable by imprisonment for not less than 1 year when not specifically declared to be a felony. A 'misdemeanor' is every other crime."

██ A fine is not a sentence of imprisonment. While it is true that, as originally convicted, the appellant, if unable to pay the fines, could be kept in jail for many years, that necessity would have resulted from his repeated violations and any request for suspension or probation would be properly addressed to the trial court.

The judgment of the Island Court is affirmed in part and reversed in part with instructions to enter a judgment not inconsistent with this opinion.